# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MARCELA BARAHONA, § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:24-cv-273 |
| v. § | Judge Mazzant |
| § | |
| TARGET CORPORATION, § | |
| § | |
| *Defendant.* § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Target Corporation's Amended 12(b)(6) Motion to Dismiss (Dkt. #8). Through it, Defendant seeks to dismiss "portions" of Plaintiff's First Amended Complaint (Dkt. #8 at p. 1). Namely, Defendant seeks to dismiss what Defendant claims is a negligent-activity claim contained in paragraphs nine and ten of Plaintiff's First Amended Complaint (Dkt. #8 at p. 1). Having considered the Motion, the arguments of counsel, and the applicable law, the Court determines that the Motion should be **DENIED**. The Court **GRANTS** Plaintiff's request for leave to amend her First Amended Complaint.

### BACKGROUND

This is a personal injury case arising from a slip and fall at a Target located in Sherman, Texas (Dkt. #7 at p. 2). Plaintiff Marcela Barahona has sued Target Corporation on a theory of premises liability (*See* Dkt. #7 at p. 3). Specifically, Plaintiff alleges that while visiting a Target store on November 25, 2022, as an invitee, she "slipped and fell on . . . water residue left on the floor" near a display (Dkt. #7 at p. 2). Plaintiff avers that although "the floor had recently been mopped," Target did not place any wet floor signs in the area to warn is customers of the wet floor's attendant risks (Dkt. #7 at p. 2). Plaintiff claims to have suffered injuries due to her fall, prompting her to

seek medical treatment (Dkt. #7 at p. 2). For her injuries, Plaintiff seeks "monetary relief of $250,000 but not more than $1,000,000" (Dkt. #7 at p. 1).

Plaintiff filed her Original Petition on March 7, 2024, in the 15th District Court of Grayson County, Texas (Dkt. #5). Plaintiff is a natural person domiciled in Grayson County, Texas (Dkt. #7 at p. 1). Defendant Target is a Minnesota corporation that operates its principal place of business in Minneapolis, Minnesota (Dkt. #1 at p. 2). Because the parties are completely diverse, and because the amount in controversy exceeds the jurisdictional minimum of $75,000, Defendant removed this action to federal court under 28 U.S.C. § 1332 (Dkt. #1).

After removing the matter, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 29, 2024 (Dkt. #2). That same day, Defendant filed its first Answer and demanded a jury trial (Dkt. #3; Dkt. #4). On April 12, 2024, Plaintiff filed her First Amended Complaint (Dkt. #7). In turn, Defendant filed its Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and Amended Answer on April 16, 2024 (Dkt. #8; Dkt. #9). Two weeks later, Plaintiff filed her Response (Dkt. #11). Two days later, Defendant filed its Reply (Dkt. #12).

## LEGAL STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

Rule 12(b)(6) motion allows a party to move to dismiss an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

In deciding a motion under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court views those facts in the light most favorable to the plaintiff. *Id.* The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Then, the Court must determine whether the complaint states a facially plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court must identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (internal citation omitted).

3

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The present dispute turns more on what claim(s) Plaintiff asserts against Defendant rather than the sufficiency of allegations in the complaint. Specifically, the resolution of the instant Motion turns on whether Plaintiff brings claims under a theory of general negligence *and* premises liability or *just* premises liability. In its Motion to Dismiss, Defendant argues that "a general negligence claim against the possessor of a premises for an injury caused by a condition on the premises is not actionable under Texas Law" (Dkt. #8 at p. 1). The Court, sitting in diversity, must apply Texas law to the case at bar (Dkt. #8 at p. 1). *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71–77 (1938). Accordingly, Defendant argues that Plaintiff's allegation that Target is liable on a theory of general negligence or negligent activity should be dismissed (Dkt. #8 at p. 1). But that argument assumes that Plaintiff brings a negligent-activity claim in the first place. Thus, Defendant first argues that Plaintiff's First Amended Complaint asserts such a claim.

In so doing, Defendant relies on paragraphs nine and ten of Plaintiff's First Amended Complaint. Indeed, these are the paragraphs Defendant seeks to dismiss (Dkt. #8 at p. 1). As to paragraph nine, Defendant notes that Plaintiff's First Amended Complaint alleges that Defendant is "'guilty of' the following acts of general negligence":

1. failing to maintain a safe property;
2. failing to make sure that the property was safe and secure to prevent slips and falls;
3. failing to maintain a property free from unnecessary hazards;

4

      4. failing to properly supervise the operation on its property;

      5. failing to properly inspect the property to prevent injuries; and

      6. other acts deemed negligent.

(Dkt. #8 at p. 3) (quoting Dkt. #7 at p. 3, ¶ 9) (cleaned up). As to paragraph ten, Defendant draws the Court's attention to Plaintiff's statement that "'because the foreseeability of injury to Plaintiff . . . was so apparent, yet completely ignored by Defendant, Defendant is liable to Plaintiff for Negligence, Malice, and/or gross negligence . . . ." (Dkt. #8 at p. 3) (quoting Dkt. #7 at p. 3, ¶ 10) (cleaned up). To Defendant, these "allegations are irrelevant and inviable claims in a premises cause of action" (Dkt. #8 at p. 3).

    Plaintiff's Response disputes Defendant's argument wholesale. Plaintiff claims that she "did not plead a contemporaneous-activity negligence cause of action," nullifying the point of a 12(b)(6) Motion to Dismiss such a claim (Dkt. #11 at p. 1). In other words, if Plaintiff did not assert a general negligence claim, then there is no negligence claim to dismiss, so the argument goes (*See* Dkt. #11 at pp. 1, 3) ("Defendant's Motion is without merit and creates illusory causes of action for the Court to consider and dismiss with prejudice."). In response to Defendant's discussion of Plaintiff's accusation that Defendant is "guilty of" certain acts of "general negligence," Plaintiff argues that "[t]he mention of the words 'negligence[,]' 'gross negligence[,]' or 'malice' in a complaint does not create a viable claim or an obligation/duty of Plaintiff to defend" those claims (Dkt. #11 at p. 4). Critically, Plaintiff further clarifies that she "is only presenting a cause of action under the law of premise[s] liability" (Dkt. #11 at pp. 2–3). Thus, Plaintiff argues that the Court should deny Defendant's Motion, which seeks to dismiss claims that, according to Plaintiff, are not before the Court (Dkt. #11 at pp. 1–3).

In the alternative, Plaintiff asks the Court to grant her a twenty-one-day extension to amend her complaint (Dkt. #11 at p. 3). Specifically, Plaintiff would amend paragraph ten of her First Amended Complaint—with which Defendant takes issue—that states:

> Because of the foreseeability of injury to Plaintiff and the public was so apparent, yet completely ignored by Defendant, Defendant is liable to Plaintiff for Negligence, Malice and/or gross negligence and the same was a proximate cause of the occurrence in question and/or of Plaintiff's damages.

(Dkt. #7 at p. 3, ¶ 10). Plaintiff states that she would amend her First Amended Complaint to say:

> Because of the foreseeability of injury to Plaintiff and the public was so apparent, yet completely ignored by Defendant, Defendant is liable to Plaintiff for Premise[s] Liability and the same was a proximate cause of the occurrence in question and/or of Plaintiff's damages.

(Dkt. #11 at p. 4). Additionally, Plaintiff claims that the above-referenced language in Paragraph nine of her First Amended Complaint "is needed to support the first element [of her claim]—actual or construct[ive] knowledge of some condition—as discussed in" *Keetch v. Kroger* (Dkt. #11 at p. 3) (citing 845 S.W.2d 262, 264 (Tex. 1992) (cleaned up)).

Defendant's Reply maintains that Plaintiff's First Amended Complaint asserts a cause of action for general negligence, but given Plaintiff's unambiguous statement that she will not pursue a general claim of negligence, the Court should dismiss her negligence claim as abandoned (Dkt. #12 at p. 1). Further, Defendant reasserts that, by contending that she did not plead a negligent-activity claim, Plaintiff ignores the words in her own complaint (Dkt. #12 at p. 2). "If Plaintiff did not intend to prove her pleadings of negligence, malice, or gross negligence, then why were they plead[ed]," Defendant asks (Dkt. #12 at p. 2). Defendant did not reply to Plaintiff's assertion that the language included in paragraph nine of her First Amended Complaint is necessary to prove her premises liability cause of action.

As mentioned, the Court must apply Texas law to this case. *See Erie*, 304 U.S. at 71–77. In so doing, the Court "looks first to final decisions of the Texas Supreme Court." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014). As the Texas Supreme Court has noted:

> A person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply.

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (citing *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). Similarly, the Fifth Circuit, relying on Texas Supreme Court authority, summarized Texas law distinguishing negligent activity and premises liability claims. *See id.* Relying on Texas Supreme Court decisions, the Fifth Circuit noted that "[a]lthough negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct." *Id.* The Fifth Circuit continued:

> Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (footnote omitted). Thus, the Texas Supreme Court has repeatedly declined to "eliminate all distinction" between these two theories. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

*Id.* (cleaned up). Grasping the distinction between these two claims, however, is "tricky." *Id.* "'The lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity.'" *Id.* (quoting *Del Lago*, 307 S.W.3d at 776). Still, "negligence and premises liability claims are based on independent theories of recovery." *United Scaffolding, Inc.*, 537 S.W.3d at 471. Thus, the two theories "are not interchangeable." *Id.* (citing *Occidental Chem. Corp.*, 478 S.W.3d at 644 (noting that premises

7

liability "is itself a branch of negligence law" with different elements defining a property owner or occupier's duty of care); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997)).

Accordingly, under Texas law, "'a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner,' but not both." *Barron v. United States*, 111 F.4th 667, 671 (5th Cir. 2024) (quoting *Occidental Chem. Corp.*, 478 S.W.3d at 644). "Negligence and premises liability claims . . . are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding, Inc.*, 537 S.W.3d at 471 (citing *Del Lago*, 307 S.W.3d at 775–76; *Keetch*, 845 S.W.3d at 264). "Negligent-activity and premises liability claims 'involve closely related but distinct duty analyses.'" *Id.* (quoting *W. Invs. Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). The Texas Supreme Court summarized this distinction plainly. "In a negligent activity case, a property owner or occupier must 'do what a person of ordinary prudence in the same or similar circumstances . . . would have done[.]'" *Id.* (quoting *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)). In contrast, in a premises-liability action, a property owner or occupier "must 'use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier of land known about or in the exercise of ordinary care should know about.'" *Id.* (quoting *Timberwalk*, 972 S.W.2d at 753). Thus, in Texas, the elements of a premises liability claim are distinct from a negligent-activity claim. *Id.* To prevail on a premises liability claim, a plaintiff must prove four elements:

1. that the defendant had actual or constructive knowledge of some condition on the premises;

2. that the condition posed an unreasonable risk of harm to the plaintiff;

> 3. that the defendant did not exercise reasonable care to reduce or to eliminate the risk; and
>
> 4. that the defendant's failure to use such care proximately caused the plaintiff's personal injuries.

*Id.* (quoting *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)).

Against this backdrop, the Court must determine whether here, Plaintiff's theory sounds in negligent activity or premises liability. It cannot be both. *Barron*, 111 F.4th at 671. In making that determination, Texas courts "'focus on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect.'" *Id.* at 472 (quoting *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016) (citing *Keetch*, 845 S.W.2d at 264)). So too must this Court. Here, Plaintiff's claim sounds in premises liability—not negligence. Plaintiff's complaint does not appear to make any attempt at pleading a negligent-activity claim. Indeed, in her Response, Plaintiff clarifies that "Plaintiff is only presenting a cause of action under the law of premise[s] liability" (Dkt. #11 at p. 2, ¶ 3). Paragraph nine of Plaintiff's First Amended Complaint, which Defendant contests, though a bit unclear, appears to sound in premises liability. (*See* Dkt. #7 at p. 3, ¶ 9). "'When the injury is the result of the property's condition rather than an activity, premises-liability principles apply.'" *Barron*, 111 F.4th at 671 (quoting *Occidental Chem. Corp.*, 478 S.W.3d at 644). On the other hand, "'[w]hen the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply.'" *Id.* (quoting *Occidental Chem. Corp.*, 478 S.W.3d at 644). Here, Plaintiff has not alleged a negligent activity. Rather, Plaintiff appears to allege that her injuries are the result of a defect *on the property*. Accordingly, the Court construes Plaintiff's First Amended Complaint as one asserting a premises-liability claim. *See id.*

9

Nonetheless, paragraph ten of Plaintiff's First Amended Complaint references "[n]egligence, [m]alice[,] and/or gross negligence" and asserts that Defendant is liable to Plaintiff on such theories (Dkt. #7 at p. 3, ¶ 10). Defendant contends that the allegations in paragraph ten "are irrelevant and inviable claims in a premises [liability] cause of action" (Dkt. #12 at p. 3). In response, Plaintiff takes two positions. First, Plaintiff argues that the "mention" of the words "negligence," "gross negligence," and "malice" "does not create a viable claim or an obligation/duty . . . to defend the same" (Dkt. #11 at p. 3). Second and in the alternative, Plaintiff prays the Court grant her leave to amend her First Amended Complaint to reflect her decision to pursue a premises liability cause of action (Dkt. #11 at pp. 3–4). Because Plaintiff does not manifest a desire to pursue any claim aside from premises liability, the Court will grant Plaintiff the leave she seeks to clarify her claim against Defendant.

Finally, Defendant argues that Plaintiff has abandoned any negligence, malice, or gross-negligence claim stated in her First Amended Complaint (Dkt. #12 at pp. 1–2). But Plaintiff is "the master of her complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (internal quotations omitted). And she claims she seeks to bring only a premises liability claim (Dkt. #11 at pp. 3–4). At this juncture, the Court declines to construe Plaintiff's First Amended Complaint in a manner that suggests she ever brought a negligent-activity claim as Plaintiff does not appear to allege facts that would support such a theory. Because Plaintiff seeks leave to amend, and because Plaintiff must choose between bringing a negligence claim or a premises liability claim, *Barron*, 111 F.4th at 671, the Court determines it is in the best interest of justice, the parties, and efficiency to grant Plaintiff the leave she requests to clarify her claim.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Amended 12(b)(6) Motion to Dismiss (Dkt. #8) is **DENIED**. It is further **ORDERED** that Plaintiff shall amend her Complaint within fourteen days of this Order.

**IT IS SO ORDERED.**

SIGNED this 10th day of December, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE